**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| JAMIE JONES, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CAPE CO. SHERIFF DEPARTMENT and )<br>UNKNOWN DICKERSON, )<br>)<br>Defendants. ) | No. 1:25-cv-00022-SEP |

**MEMORANDUM AND ORDER**

  Before the Court are Plaintiff's Applications to Proceed in District Court Without Prepaying Fees or Costs, Docs. [3], [8]. On review of the applications and financial information provided therein, the Court grants Plaintiff's motions and waives the filing fee in this matter. *See* 28 U.S.C. § 1915(a)(1). For the reasons set forth below, the Court dismisses this action for failure to state a claim upon which relief may be granted.

**LEGAL STANDARD ON INITIAL REVIEW**

  Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (citation modified) (quoting *Iqbal*, 556 U.S. at 678); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court must accept factual allegations in the complaint as true, but is not required to "accept as true any 'legal conclusion couched as a factual allegation'" (quoting *Iqbal*, 556 U.S. at 678)).

  When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal

construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  Still, even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").  And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## DISCUSSION

Plaintiff files the Amended Complaint under 42 U.S.C. §1983, alleging that Defendant Sheriff Dickerson of the Cape Girardeau County Sheriff's Department violated his constitutional rights by setting an unconstitutional cash bond of $16,000, which was later reduced to $10,000.[1] *See* Doc. [6].  Plaintiff states that he cannot afford the cash bond. *Id*.  For relief, he seeks $40,000 in damages. *Id*.

On his amended complaint form, Plaintiff has checked the box and affirmatively selected to sue Defendant Dickerson in his official capacity only. *See Reynolds v. Cook*, 2025 WL 670428, *1 (8th Cir. Mar. 3, 2025) (distinguishing cases in which the plaintiff affirmatively selects to sue defendants in their official capacities from cases in which the plaintiff is silent as to capacity).  "A core tenet of 42 U.S.C. § 1983 jurisprudence is that an official capacity suit against an individual is really a suit against that official's government entity." *Banks v. Slay*, 875 F.3d 876, 878 (8th Cir. 2017).  Put another way, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).  Thus, to prevail on his official capacity claims, Plaintiff must establish Cape Girardeau County's liability for the alleged misconduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016).  This requires alleging that the constitutional violation resulted from "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075,

---

[1] The Amended Complaint is nearly identical to another complaint filed by Plaintiff in this Court on January 17, 2025, which was dismissed for failure to state a claim upon which relief may be granted. *See Jones v. Jackson County Courthouse, et al.*, No. 1:25-cv-00014-SPM (E.D. Mo. 2025).

1079 (8th Cir. 2018). Plaintiff has not alleged that any constitutional violation resulted from an official policy, unofficial custom, or a failure to train or supervise on the part of Cape Girardeau County.

Even if Plaintiff had sued Sheriff Dickerson in his individual capacity, his claims would still be subject to dismissal. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). Because a county sheriff does not set bond in criminal cases, there is no causal link between Plaintiff's claimed violations and Defendant's actions. *See Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (finding "no causal connection between any action on the part of the defendants and any alleged deprivation" where none of the defendants set the plaintiff's bail).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Applications to Proceed in District Court Without Prepaying Fees or Costs, Docs. [3], [8], are **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915(e)(2)(B).

**IT IS FINALLY ORDERED** that Plaintiff's Motions to Appoint Counsel, Docs. [4], [7], are **DENIED** as moot.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 25th day of July, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE